**UNPUBLISHED**

**UNITED STATES COURT OF APPEALS**

**FOR THE FOURTH CIRCUIT**

UNITED STATES OF AMERICA,
Plaintiff-Appellee,

v.

No. 98-4460

WAYNE KEITH BARNES, a/k/a John
Wayne Vanparys,
Defendant-Appellant.

Appeal from the United States District Court
for the District of South Carolina, at Florence.
Cameron McGowan Currie, District Judge.
(CR-97-337)

Submitted: May 4, 1999

Decided: May 18, 1999

Before WIDENER, LUTTIG, and MOTZ, Circuit Judges.

_____

Affirmed by unpublished per curiam opinion.

_____

**COUNSEL**

James T. McBratney, Jr., Florence, South Carolina, for Appellant. J.
Rene Josey, United States Attorney, Alfred W. Bethea, Jr., Assistant
United States Attorney, Florence, South Carolina, for Appellee.

_____

Unpublished opinions are not binding precedent in this circuit. See
Local Rule 36(c).

**OPINION**

PER CURIAM:

Wayne Keith Barnes was convicted for possession with intent to distribute methamphetamine, in violation of 21 U.S.C. § 841(a)(1) (1994), possession of a firearm during a drug trafficking crime, in violation of 18 U.S.C.A. § 924(c) (West Supp. 1999), maintaining a place for the purpose of manufacturing methamphetamine in violation of 21 U.S.C. § 856 (1994), and causing a substantial risk to human life by manufacturing methamphetamine, in violation of 21 U.S.C. § 858 (1994). On appeal he argues that the district court violated the Speedy Trial Act, 18 U.S.C. § 3161 (1994), by granting the Government a continuance to indict him, that the district court erred in denying his motion to suppress statements made by him to police during questioning, and that the court erred by failing to exclude the testimony of two Government witnesses under the terms of his proffer agreement. Finding no error, we affirm.

We find that the district court did not err in granting the Government a continuance to indict Barnes. See United States v. Keith, 42 F.3d 234, 237 (4th Cir. 1994). We find that Barnes did not clearly articulate a desire to remain silent and cease talking to law enforcement agents, and therefore any statements made by Barnes during the continued interrogation were admissible. See Davis v. United States, 512 U.S. 452, 459 (1994). Finally, we find that the district court did not err in admitting the testimony of Pierce and Whitlow because the Government was able to derive the information the witnesses testified to from an independent source and therefore immunity was not implicated. See United States v. McHan, 101 F.3d 1027, 1036 (4th Cir. 1996), cert. denied, 520 U.S. 1281 (1997).

We dispense with oral argument because the facts and legal contentions are adequately presented in the materials before the court and argument would not aid the decisional process.

AFFIRMED

2